(C.D. 3203)

UTAH MACHINE & MILL SUPPLY, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided November 20, 1967)

*Parsons, Behle, Evans & Latimer* (*Stein and Shostak* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The above cases were submitted for decision upon a written stipulation entered into by and between counsel for the respective parties which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise covered by the entries and protests enumerated in Schedule A annexed hereto and made a part hereof, and assessed with duty at 11.5% ad valorem under Item 666.25 of the Tariff

Schedules of the United States, consists of nonmalleable cast iron rollers for machines, not alloyed and not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues, and risers or to permit location in finishing machinery.

2. That said protests are abandoned as to all other merchandise.

3. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241.

4. That said protests were filed on the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the date of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89–241, 89th Congress.

5. That within 120 days after the date of enactment of Public Law 89–241, 89th Congress, approved October 7, 1965, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of the entries enumerated in Schedule A and for classification of said merchandise at 3% ad valorem under Item 680.58 of the Tariff Schedules of the United States as amended by Sec. 48(b) of said Public Law 89–241, redesignated Item 680.60 by the Automotive Products Act of 1965 (Public Law 89–283).

6. That the protests enumerated in the annexed Schedule A may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

Accepting the stipulation, we find that plaintiff has complied with both section 514, Tariff Act of 1930, and the Tariff Schedules Technical Amendments Act of 1965, PL 89–241, T.D. 56511, and that said merchandise consists of nonmalleable cast iron rollers for machines not alloyed and not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues, and risers or to permit location in finishing machinery. Therefore, the claim in the protests that said merchandise is properly dutiable at 3 per centum ad valorem under the provisions of the Tariff Schedules of the United States, as amended by section 48(b) of said PL 89–241, and as redesignated by the Automotive Products Act of 1965, PL 89–283, under item 680.60, is sustained.

Judgment will be entered accordingly.